**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **JACURTIS DEVON REECE,** | ) | |
| Movant, | ) | |
| vs. | ) | No. 3:16-CV-1866-D-BH |
| | ) | No. 3:14-CR-0140-D |
| **UNITED STATES OF AMERICA,** | ) | |
| Respondent. | ) | Referred to U.S. Magistrate Judge |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

By *Special Order 3-251*, this habeas case has been automatically referred for findings, conclusions, and recommendation. Based on the relevant findings and applicable law, the *Motion Under 28 U.S.C. § 2255, to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody* (doc. 2), received on June 28, 2016, should be **DENIED** with prejudice.

**I. BACKGROUND**

Jacurtis Devon Reece (Movant) challenges his federal conviction and sentence in Cause No. 3:14-CR-140-D. The respondent is the United States of America (Government).

On April 8, 2014, Movant was charged by indictment with four counts of carjacking in violation of 18 U.S.C. § 2119. (*See* doc. 1.)[1] He pled guilty on August 8, 2014. (*See* doc. 68.)

On October 14, 2014, the United States Probation Office (USPO) prepared a Presentence Report (PSR), applying the 2013 United States Sentencing Guidelines Manual (USSG). (*See* doc. 81-1 at 10, ¶ 38.) It found that the base offense level for each count was 20, and added six levels because a firearm was used, two levels because the offenses were carjackings, and one level for counts two, three, and four because the value of each vehicle was more than $10,000, resulting in base offense levels of 28 for count one, and 29 for counts two, three, and four. (*See id.* at 10-12, ¶¶

---

[1] Unless otherwise indicated, all document numbers refer to the docket number assigned in the underlying criminal action, 3:14-CR-140-D.

40-70). The PSR grouped the offenses under USSG § 3D1.2. (*See id*. at 10, ¶ 39.) The greatest of the offense levels was 29, and four levels were added because there were four offenses, resulting in an adjusted offense level of 33. (*See id*. at 13, ¶¶ 71-74.) Three levels were reduced for acceptance of responsibility, resulting in a total offense level of 30. (*See id*., ¶¶ 76-78.)

Movant's criminal history category was four, based on a criminal history score of seven. (*See id*. at 16, ¶ 86.) In determining the criminal history score, the PSR recommended that he receive two points for 2010 convictions for unauthorized use of a motor vehicle under USSG §§ 4A1.1(b) and 4A1.2(d)(2)(A); one point for 2010 convictions for burglary of a habitation and evading arrest under §§ 4A1.1(c) and 4A1.2(d)(2)(A); one point for a 2011 conviction for possession of marijuana under §§ 4A1.1(c) and 4A1.2(d)(2)(B); one point for a 2011 conviction for theft under §§ 4A1.1(c) and 4A1.2(d)(2)(B); and two points for a 2013 conviction for possession with intent to deliver a controlled substance under § 4A1.1(b). (*See id*. at 13-15, ¶¶ 79-80, 83-85.)

The resulting guideline range was 135-168 months of imprisonment. (*See id*. at 22, ¶ 119.) At the sentencing hearing on November 11, 2014, Movant was sentenced to 168 months' imprisonment for each count, with the sentences to run concurrently. (*See* doc. 106 at 2.) On appeal, counsel filed a brief under *Anders v. California*, 386 U.S. 738 (1967), and the appeal was dismissed as frivolous. (*See* doc. 119; *United States v. Reece*, No. 14-11275 (5th Cir. Oct. 22, 2015).

Movant contends that his sentencing guideline range was miscalculated because the criminal history category was based on prior convictions under USSG § 4A1.1(c) that relied on a residual clause that is unconstitutionally vague in light of *Johnson v. United States*, 135 S.Ct. 2551 (2015). (3:16-CV-1866-D, docs. 2 at 4; 3 at 4-10.)

## II. SCOPE OF RELIEF AVAILABLE UNDER § 2255

"Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Gaudet*, 81 F.3d 585, 589 (5th Cir. 1996) (citations and internal quotation marks omitted). It is well-established that "a collateral challenge may not do service for an appeal." *United States v. Shaid*, 937 F.2d 228, 231 (5th Cir. 1991) (*en banc*) (quoting *United States v. Frady*, 456 U.S. 152, 165 (1982)).

A failure to raise a claim on direct appeal may procedurally bar an individual from raising the claim on collateral review. *United States v. Willis*, 273 F.3d 592, 595 (5th Cir. 2001). Defendants may only collaterally attack their convictions on grounds of error omitted from their direct appeals upon showing "cause" for the omission and "actual prejudice" resulting from the error. *Shaid*, 937 F.2d at 232. However, "there is no procedural default for failure to raise an ineffective-assistance claim on direct appeal" because "requiring a criminal defendant to bring [such] claims on direct appeal does not promote the[] objectives" of the procedural default doctrine, "to conserve judicial resources and to respect the law's important interest in the finality of judgments." *Massaro v. United States*, 538 U.S. 500, 503-04 (2003). The Government may also waive the procedural bar defense. *Willis*, 273 F.3d at 597.

## III. *JOHNSON* CLAIM

Movant contends that his guideline range was miscalculated because his 2010 convictions for burglary of a habitation and evading arrest, his 2011 conviction for possession of marijuana, and his 2011 conviction for theft should not have been counted toward his criminal history score under USSG § 4A1.1(c) because that sentencing guideline relied on a residual clause that was

3

unconstitutionally vague under *Johnson v. United States*, 135 S.Ct. 2551 (2015).

In *Johnson*, the Supreme Court held that the imposition of an increased sentenced under the residual clause of the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e)(1), (2)(B) (regarding a prior conviction that "otherwise involves conduct that presents a serious potential risk of physical injury to another"), violates the Constitution's guarantee of due process because the residual clause is unconstitutionally vague. *Johnson*, 135 S. Ct. at 2563. The holding of *Johnson* is retroactively available on collateral review. *Welch v. United States*, 136 S.Ct. 1257, 1268 (2016).

Movant was not sentenced under the ACCA, but he contends that the residual clause of a sentencing guideline is unconstitutional in light of *Johnson*. *Johnson* does not apply to the sentencing guidelines, and the guidelines are not subject to a vagueness challenge under the Due Process Clause. *Beckles v. United States*, 137 S.Ct. 886, 895 (2017); *see also United States v. Rodriguez-Lopez*, 697 F. App'x 304 (5th Cir. 2017) (under *Beckles*, *Johnson* does not apply to a claim regarding the use of prior convictions to increase criminal history points as crimes of violence under a sentencing guideline residual clause).

Moreover, the qualification and counting of his prior convictions toward his criminal history score under § 4A1.1(c) was not based on a residual clause. Movant asserts that USSG § 4A1.2(p) applied to him. Section 4A1.2(p) provides that for purposes of § 4A1.1(e), the definition of "crime of violence" is the definition set out in § 4B1.2(a), which includes a residual clause regarding an offense that "otherwise involves conduct that presents a serious potential risk of physical injury to another." Section 4A1.1(e) provides for one point for a prior conviction for a crime of violence that did not receive any points under § 4A1.1(a), (b), or (c). Movant's prior convictions were counted under § 4A1.1(b) and (c), not under § 4A1.1(e), so the residual clause of § 4A1.2(p) did not apply.

Movant is not entitled to relief on his claim.

## IV. RECOMMENDATION

The motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 should be **DENIED** with prejudice.

**SIGNED on this 24th day of January, 2018.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE